IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARK S. HUEBNER,

    Petitioner,

vs.                                         Case No. 4:13cv508-MW/CAS

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On September 6, 2013, Petitioner Mark S. Huebner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on January 26, 2006, following his entry of a no contest plea. *Id.*; Doc. 8 Ex. A. On March 4, 2014, Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 8. Petitioner filed a reply on April 8, 2014. Doc. 10.

The matter is referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts. (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural History**

By amended information on November 29, 2005, the State of Florida charged Petitioner in Leon County Circuit Court case number 05CF2491 with two counts of sexual battery by familial or custodial authority on a child twelve years of age or older but less than eighteen years old, in violation of section 794.011(8)(b), Florida Statutes. Doc. 8 Ex. A at 2. On December 2, 2005, Petitioner entered an open "straight up" no contest plea to both counts. *Id.* at 20-21. On January 26, 2006, the circuit court adjudicated Petitioner guilty and sentenced him to two, concurrent thirty-year terms in prison, designating Petitioner as a sexual predator and acknowledging Petitioner's waiver of a request for downward departure of his sentence. *Id.* at 24-31; *see id.* Ex. C at 88-91 (transcript of sentencing hearing).

The same day of his sentencing, Petitioner, proceeding pro se, filed a direct appeal in the First District Court of Appeal (DCA), assigned case number 1D06-0494. *Id.* Ex. A at 33. Petitioner's trial counsel moved to withdraw and the state circuit court appointed a public defender for Petitioner's direct appeal. *Id.* Exs. A at 34-35, C at 93. On October 26, 2006, Petitioner's appointed counsel filed an initial brief in the First DCA pursuant to Anders v. California, 386 U.S. 738 (1967). Doc. 8 Ex. D. The First DCA issued an order granting Petitioner thirty days to file a pro se initial brief. Doc. 8 Ex. E. On February 20, 2007, Petitioner, proceeding pro se, filed a motion to allow withdrawal of the right to file an initial brief, and on April 13, 2007, the First DCA denied that motion. *See* online docket for 1D06-0494 at www.1dca.org. Petitioner did not file a pro se initial brief, and on August 28, 2007,

the First DCA issued a per curiam affirmance without opinion.  *See* online docket for 1D06-0494 at www.1dca.org; Doc. 8 Ex. F at 1; Huebner v. State, 963 So. 2d 704 (Fla. 1st DCA 2007) (table).  The mandate issued on September 27, 2007.  Doc. 8 Ex. F at 2.

On August 7, 2009, Petitioner filed a post-conviction motion in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.850, raising nine grounds, including seven ineffective assistance of trial counsel claims.  Doc. 8 Ex. G at 178-89.  On October 7, 2010, the circuit court held an evidentiary hearing on six of the claims.  *Id.* Ex. H at 233-34; Ex. I.  The court subsequently denied Petitioner's post-conviction motion.  *Id.* Ex. H at 247; Ex. I at 100, 103-09.  On November 14, 2010, Petitioner appealed the denial of his Rule 3.850 motion to the First DCA, assigned case number 1D10-6691, and that court per curiam affirmed the case without opinion on April 12, 2011.  *Id.* Ex. L; Huebner v. State, 63 So. 3d 755 (Fla. 1st DCA 2011) (table).  On April 25, 2011, Petitioner filed a motion for rehearing, which the court denied on June 2, 2011.  Doc. 8 Ex. M.  The mandate issued on June 20, 2011.  *Id.* Ex. N.

On July 18, 2011, Petitioner, proceeding pro se, filed a post-conviction motion to correct an illegal sentence in the state circuit court pursuant to Florida Rule of Criminal Procedure 3.800(a).  Doc. 8 Ex. O at 1-7.  The court denied that motion.  *Id.* at 139-54.  On August 12, 2011, Petitioner filed a motion for rehearing, which the court denied on September 1, 2011.  *Id.* at 155-162.  On September 16, 2011, Petitioner appealed the denial of his Rule 3.800(a) motion to the First DCA, assigned case number 1D11-5053, and filed an initial brief.  Doc. 8 Ex. P.  On October 11, 2011, the State filed a notice that it would not file an answer brief pursuant to Florida Rule of Appellate Procedure 9.141(b).  Doc. 8 Ex. Q.  On December 9, 2011, the First DCA issued a per curiam affirmance without opinion.  Doc. 8 Ex. R;

Huebner v. State, 78 So. 3d 538 (Fla. 1st DCA 2011) (table).  Petitioner filed a motion for rehearing on December 27, 2011, and the First DCA denied that motion on January 31, 2012.  Doc. 8 Ex. S-1.  The mandate issued February 16, 2012.  Doc. 8 Ex. S-2.

Meanwhile, on February 1, 2012, Petitioner filed his second Rule 3.850 motion in the state circuit court.  Doc. 8 Ex. T at 1-27.  On March 16, 2012, the court denied Petitioner's second Rule 3.850 motion.  Doc. 8 Ex. T at 28.  On March 23, 2012, Petitioner filed a motion for rehearing in the state circuit court, and on April 5, 2012, that court denied Petitioner's motion.  *Id.* at 29-37.  On April 12, 2012, Petitioner appealed to the First DCA, assigned case number 1D12-1963, and that court issued a per curiam affirmance without opinion on August 7, 2012.  Doc. 8 Ex. X; Huebner v. State, 96 So. 3d 887 (Fla. 1st DCA 2012) (table).  On August 13, 2012, Petitioner filed a motion for rehearing in the First DCA, which the court denied on September 10, 2012.  Doc. 8 Ex. Y.  The mandate issued September 27, 2012.  *Id.* Ex. Z.

On August 27, 2012, Petitioner filed a petition to invoke all writs jurisdiction in the Florida Supreme Court, assigned case number SC12-1910.  Doc. 8 Ex. AA.  On October 23, 2012, the Florida Supreme Court denied the petition for lack of jurisdiction.  *Id.* Ex. BB; Huebner v. State, 114 So. 3d 180 (Fla. 2012).  Petitioner sought rehearing, which the court denied on February 21, 2013.  Doc. 8 Ex. CC; online docket for SC12-1910 at www.floridasupremecourt.org.

On January 28, 2013, Petitioner filed his third Rule 3.850 motion in the state circuit court, and on February 6, 2013, that court denied Petitioner's motion.  Doc. 8 Ex. DD at 1-35 (motion), 36-37 (order).  On February 22, 2013, Petitioner filed a motion for rehearing in the

state circuit court, and on February 27, 2013, that court denied Petitioner's motion. *Id.* at 40-44 (motion), 45 (order). Petitioner appealed to the First DCA, assigned case number 1D13-1466, and that court issued a per curiam affirmance without opinion on July 11, 2013. *Id.* Ex. GG; Huebner v. State, 116 So. 3d 1267 (Fla. 1st DCA 2013) (table). The mandate issued on August 6, 2013. Doc. 8 Ex. HH.

As indicated above, Petitioner filed his § 2254 petition on September 6, 2013. Doc. 1. Petitioner raises three grounds: (1) his trial counsel was ineffective for failure to inform Petitioner of his "rights surround a PSI"; (2) the state trial court imposed an illegal sentence in violation of the U.S. Constitution; and (3) the state circuit court illegally accepted Petitioner's waiver of a PSI in violation of the U.S. Constitution. Doc. 1 at 5, 6, 8. Petitioner also argues that his § 2254 petition should not be dismissed as untimely because he is actually innocent. *Id.* at 13. Respondent filed a motion to dismiss the § 2254 petition as untimely. Doc. 8. Respondent also argues that Petitioner is not actually innocent of the substantive offenses. *Id.* at 5-8. In his reply, Petitioner asserts "exceptional circumstances" exist and further argues the merits of his claims concerning the presentence investigation report and illegal sentence. Doc. 10.

## **Analysis**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" though there are later

commencement dates. *Id.* at § 2244(d)(2).[1] The limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. *Id.*

Petitioner's conviction became final on November 26, 2007, when the time for seeking certiorari review in the U.S. Supreme Court expired, ninety days after the First DCA's opinion issued August 28, 2007, affirming his judgment and sentence. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The AEDPA limitations period ended one year later on November 26, 2008. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"). Absent a later commencement date or other tolling activity, by the time Petitioner filed his first Rule 3.850 motion on August 7, 2009, there was no AEDPA time remaining to be tolled. *See, e.g.*, Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, Petitioner's § 2254 petition is untimely.

---

[1] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)–(D). Petitioner does not argue any of the foregoing exceptions apply.

Case No. 4:13cv508-MW/CAS

Petitioner argues that his § 2254 petition should not be dismissed as untimely because he is "actually innocent." Doc. 1 at 14. A litigant can overcome the AEDPA's one-year limitations period by showing actual innocence. McQuiggin v. Perkins, 133 S. Ct. 1924, 1943 (2013). To show actual innocence, Petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner claims that he is actually innocent without providing any new, reliable evidence to support his claim. *See* Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001). Notably, knowing the maximum possible penalty, Petitioner entered a no contest plea to the charges in this case, admitted what he had done, and affirmatively, on the record, waived his right to a PSI. *See* Doc. 8 Ex. A at 20-21, Ex. C at 56-58, 88. Petitioner does not demonstrate an actual innocence claim and dismissal of his § 2254 claim is proper.

## Conclusion

The § 2254 petition is untimely. Petitioner does not demonstrate entitlement to equitable tolling or actual innocence. Thus, Respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule

11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing (citation omitted)).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

---

[2] It is recommended that the petition be dismissed solely on the procedural basis of timeliness. As a result, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:13cv508-MW/CAS

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 8) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**DONE AND ORDERED** on April 16, 2014.

       **S/ Charles A. Stampelos**
       **CHARLES A. STAMPELOS**
       **UNITED STATES MAGISTRATE JUDGE**